F8DLJONC

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    SHORN JONES,

4                   Plaintiff,

5             v.                            15 CV 1369 (LGS)

6    BRYANT PARK MARKET EVENTS,
     LLC,
7
                  Defendant.
8
     ------------------------------x
9                                          New York, N.Y.
                                           August 13, 2015
10                                         11:10 a.m.

11   Before:

12                   HON. LORNA G. SCHOFIELD,

13                                          District Judge

14                        APPEARANCES

15   ABDUL K. HASSAN
          Attorney for Plaintiff
16
     OVED & OVED, LLP
17        Attorneys for Defendant
     BY:  ANDREW J. URGENSON
18

19

20

21

22

23

24

25

F8DLJONC

1          (Case called)

2          THE COURT:  So there is a pending motion for summary

3    judgment and I'm prepared to rule on it.

4          Plaintiff brings suit against Bryant Park Market

5    Events LLC for failure to pay overtime wages for hours worked

6    in excess of 40 under the Fair Labor Standards Act and the New

7    York Labor Law.  Defendant moves for summary judgment on the

8    FLSA claim and asks if the motion is granted, I decline to

9    exercise supplemental jurisdiction over the state claims.  For

10   the reasons I will now explain, the motion is granted and I

11   decline to exercise supplemental jurisdiction.

12         I won't recount the facts.  I know you are both

13   familiar with them.

14         As far as my thinking, defendant does not dispute that

15   it is an employer for purposes of FLSA.  Instead, defendant

16   invokes the so-called "seasonal recreational establishment

17   exemption."  This is an affirmative defense for which the

18   defendant bears the burden of proof.

19         The exemption provides in relevant part that the

20   FLSA's overtime provision "shall not apply with respect to"

21   "any employee employed by an establishment which is an

22   amusement or recreational establishment... if... it does not

23   operate for more than seven months in any calendar year..." 29

24   U.S.C. Section 213(a)(3).

25         First, I reject plaintiff's argument that the answer

F8DLJONC

 1    does not adequately plead this exemption as an affirmative

 2    defense.  The answer to the third affirmative defense reads,

 3    "Plaintiff is exempt from the overtime provisions of the FLSA

 4    and the New York Labor Law because defendant is seasonal

 5    amusement or recreational establishments."  The answer is

 6    sufficient to put plaintiff on notice of defendant's

 7    affirmative defense.

 8              Even assuming for purposes of argument that the answer

 9    did not sufficiently plead the defense, the "waiver of

10    affirmative defenses not raised in a defendant's answer is not

11    automatic," and courts may allow a defense to be raised for the

12    first time on summary judgment if "plaintiffs are provided with

13    notice and an opportunity to respond."  *Gilmore v. Gilmore*, 503

14    F. App'x 97, 99 (2d Cir. 2012).  Here, plaintiff has had both

15    notice and ample opportunity to respond to the defense.

16              Second, defendant has sustained its burden of showing

17    that all of the Winter Village -- including the rink, the

18    Celsius restaurant where plaintiff worked, and the holiday

19    shops -- operated for less than seven months in a year.

20    Defendant's permit for 2014 to 2015 from the city's Park and

21    Recreation Department lasted from October 2, 2014 to March 16,

22    2015, which is less than seven months.

23              In addition, defendant's contract with the

24    organization that manages Bryant Park limits defendant's

25    presence in Bryant Park to less than seven months.  Plaintiff

4

F8DLJONC

admits that Winter Village was open to the public for less than

seven months, but argues that its off season activities likely

last longer because it takes time to negotiate the contracts

and acquire permits.  Such off season activities, however, say

nothing about how long Winter Village operates, which both

parties agree is less than seven months.

        Therefore, the only open question is whether plaintiff

was employed by "an establishment which is an amusement or

recreational establishment."  The FLSA does not define such an

establishment, and the legislative history it sparse.  "Courts

have noted that a House Committee Report on a proposed 1965

amendment to the FLSA stated that the 'amusement or

recreational establishment' exemption was meant to cover 'such

seasonal recreational or amusement activities as amusement

parks, carnivals, circuses, sport events, parimutel racing,

sport boating or fishing, or other similar related

activities.'" *Chen v. Major League Baseball*, 6 F.Supp. 3d 449,

455 (S.D.N.Y. 2014).

        The corresponding regulations provide, "Amusement or

recreational establishments... are establishments frequented by

the public for its amusement or recreation...  Typical examples

of such are the concessionaires at amusement parks and

beaches." 29 C.F.R. Section 779.385.  I find that the skating

rink in the Winter Village is a recreational establishment

within this definition.

F8DLJONC

1          Plaintiff argues that even if the skating rink might

2     be a recreational establishment, the Celsius pop-up restaurant

3     where plaintiff worked was a separate establishment that was

4     not recreational and therefore not exempt.  However, in

5     explaining the recreation exemption, a 1967 Department of Labor

6     opinion letter advised that "two or more business activities

7     operated integrally on the same premises usually will be

8     considered a single establishment within the meaning of the

9     act."

10         Here, the entire Winter Village was operated by

11    defendant, under a common construction plan, under the same

12    permit from the city.  In addition, defendants processed

13    payroll for both the rink and Celsius on the same system and

14    sold package deals combining skating and dinner.  Further, the

15    contract defendant entered into with the entity that manages

16    Bryant Park defines the single term "rink" as the stating rink

17    "together with associated facilities as described herein" and

18    also refers to the "restaurant at the rink."

19         The contract also provides that the entire Winter

20    Village, referred to collectively as "the installment," "is

21    being provided... as an amenity to the public for the

22    enhancement of the park and the overall experience of the

23    visitors to the park," thereby underscoring the primarily

24    recreational nature of the entire Winter Village.  Even the

25    Winter Village website underscores that the skating rink is

F8DLJONC

1    integral to the restaurant, which is described as a

2    "glass-enclosed, two-story, rink-side venue... with spectacular

3    views of Winter Village at Bryant Park, the rink, and the

4    Christmas tree."

5            Defendant has also produced evidence to show that its

6    revenue from the rink is greater than the revenue from Celsius.

7    As the Tenth Circuit concluded in a case where a ski resort

8    invoked the FLSA's "recreational establishment in a national

9    park exemption," 29 U.S.C. 213(b)(29), the mere "fact that the

10   defendant offers lodging, retail shops, restaurants, and other

11   activities besides skiing does not disqualify it from the"

12   exemption, particularly where "ski operations represent the

13   largest revenue-producing category for the defendant."  That's

14   *Chessin v. Keystone Resort Management, Inc.*, 184 F.3d 1188,

15   1194 (10th Cir. 1999).  Similarly, here, that Winter Village

16   offers a restaurant and holiday shops does not remove it from

17   the exemption.

18           Plaintiff's argument that defendant did not operate

19   Winter Village is factually incorrect.  Plaintiff is also

20   incorrect in arguing that because defendant (unlike the Winter

21   Village) operated all year round, the seasonal exemption does

22   not apply.  The relevant regulations explicitly distinguish

23   between "establishments" on the one hand, and "enterprises" on

24   the other.  An "establishment" is defined as a "distinct

25   physical place of business."  29 C.F.R. Section 779.23.  An

F8DLJONC

```
 1    "enterprise... may include several separate places of

 2    business."  Id.  "For the purposes of the seasonal recreational

 3    establishment exemption, an individual is employed by the

 4    establishment at which he works, regardless of any enterprise

 5    that may operate or control the establishment."  That is also

 6    from Chen, 6 F.Supp.3d at 458.  Accordingly, the analysis is

 7    properly limited to the establishment at issue -- the Winter

 8    Village.

 9            Any arguments I have not expressly addressed are

10    rejected.

11            In sum, defendant is exempt from FLSA's overtime

12    provision.  The motion for summary judgment granted.  I decline

13    to exercise supplemental jurisdiction over the remaining

14    claims.  And I will ask the clerk of the court to close the

15    open motion and to close the case.

16            Thank you very much, counsel.

17            MR. URGENSON:  Thank you, your Honor.

18                          o0o

19

20

21

22

23

24

25
```